**MAXITROL STATES DISTICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KRISTINA SNYDER,

      Plaintiff,

                                      Case:

v.

                                       Hon:

MAXITROL COMPANY,

      Defendant,

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
Phone: (248) 540-6800
Fax: (248) 940-5848
sbatey@bateylaw.com

---

**PLAINTIFF'S COMPLAINT AND JURY DEMAND**

NOW COMES, Plaintiff, Kristina Snyder, by and through her attorneys Scott P. Batey and the Batey Law Firm, PLLC and for her Complaint against Defendant, states as follows:

1.    Plaintiff, Kristina Snyder (hereinafter "Plaintiff"), is a resident of the City of Bronson, County of Branch and State of Michigan.

2.     Defendant, Maxitrol Company (hereinafter "Maxitrol") is a domestic corporation, whose principal place of business is located at 23555 Telegraph Rd., Southfield, Michigan 48037 and is duly authorized to do business in the State of Michigan.

3.     Venue is proper in the District Court for the Eastern District of Michigan pursuant to 28 USC §1391(b) and (c).

4.     This Honorable Court has subject matter jurisdiction under 28 USC § 1331, and pendent jurisdiction over Plaintiff's state law claims under 28 USC §1367.

5.     The amount in controversy exceeds $75,000.00 and is otherwise within the Jurisdiction of this Court.

6.     Plaintiff brings this action for damages arising out of the acts and/or omissions of Defendant constituting unlawful disability discrimination in violation of the Family Medical Leave Act ("FMLA"), and the Michigan Persons with Disabilities Civil Rights Act, MCLA §37.1101, *et seq*. ("PWDCRA) and which resulted in emotional and economic damages to Plaintiff.

## **GENERAL ALLEGATIONS**

7.     Plaintiff incorporates by reference paragraphs 1 through 6 of the Complaint as though fully set forth herein.

8.     Plaintiff began her employment with Maxitrol in 2019 and was most recently employed as a machine operator.

2

9.     On or about December 17, 2024 Plaintiff suffered from a complete psychological breakdown and was hospitalized.

10.     Plaintiff's complete psychological breakdown was a serious medical condition under the FMLA.

11.     While a patient in the hospital Plaintiff got word to Defendant through a co-worker that she was hospitalized and unable to go to work.

12.     On December 23, 2024 Defendant sent Plaintiff a letter advising her that she was entitled to FMLA leave and forms to be completed by her doctor.

13.     Defendant asked Plaintiff to return the complete "Certification of Health Care Provider"  via "mail or fax to Southfield on or before January 12, 2025."

14.     Plaintiff contacted her physician's office and scheduled an appointment to have her doctor complete the FMLA forms, but on January 3, 2025 Defendant terminated her from her "failure to report your absences and report to work as scheduled" despite Defendant's knowledge that Plaintiff was suffering from a serious medical condition and requesting FMLA leave which would provide her up to twelve weeks of FMLA leave.

15.     On January 3, 2025 Plaintiff had additional FMLA leave available and she had been unable to see her doctor due to holiday's and her doctor's schedule.

16.     Defendant had also advised Plaintiff in the December 23, 2024 letter that she had until at least January 12, 2025 to return the completed FMLA forms, but terminated her on January 3, 2025 in clear violation of the FMLA.

17.     Plaintiff's complete psychological breakdown substantially interferes with major life activities such as walking, talking, breathing, communicating, eating and drinking and is a disability under the PWDCRA.

18.     At all times relevant Defendant perceived and regarded Plaintiff as being disabled.

19.     At all times Plaintiff was able to perform the essential functions of her job with or without reasonable accommodations.

20.     During Plaintiff's employment she was discriminated against due to her disability and terminated in violation of the PWDCRA.

21.     Plaintiff was harassed and discriminated against and subjected to adverse employment actions including termination due to her disability in violation of the PWDCRA.

27.     Pursuant to the PWDCRA, Plaintiff is guaranteed the right to be free from discriminatory treatment and/or discharge from her employment by her employers and/or supervisors based upon her FMLA leave or disability.

28.     Plaintiff's disability was a factor in Defendant, Maxitrol's employment decisions.

4

29.     Defendant, Maxitrol was an employer within the meaning of the FMLA and the PWDCRA.

30.     Plaintiff was subjected to discriminatory treatment based upon her disability, her perceived or regarded disability, by Defendant, Maxitrol, their employees and agents to the point where her status as an employee was detrimentally affected and she  was terminated.

## COUNT I
## VIOLATION OF THE FMLA

31.     Plaintiff incorporates by reference paragraphs 1 through 30 of the Complaint as though fully set forth herein.

32.     Maxitrol was Plaintiff's "employer" within the meaning of the FMLA.

33.     Plaintiff requested FMLA leave and was terminated before  she could return the complete FMLA forms Defendant provided and allowed her to return on January 12, 2025.

34.     Defendant violated the FMLA by harassing, discriminating against, and/or retaliating, including termination against the Plaintiff in significant part because she exercised rights under the FMLA, by terminating Plaintiff.

35.     As a direct and proximate result, Plaintiff has sustained damages including, but not limited to loss of income and attorney fees.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendants in an amount in excess of $75,000.00, plus exemplary damages,

together with costs, interest, attorney fees and punitive/treble damages as allowed by statute and any other relief this Honorable Court deems appropriate.

## COUNT II
## DISCRIMINATION IN VIOLATION OF 29 U.S.C. § 2614(a)(1)

36.     Plaintiff incorporates by reference paragraphs 1 through 35 of the Complaint as though fully set forth herein.

37.     Maxitrol was Plaintiff's "employer" within the meaning of the 29 U.S.C. § 2614(a)(1).

38.     "Employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions", including termination.

39.     Plaintiff engaged in activity protected by the FMLA when she requested and was in the process of having her doctor complete the FMLA forms.

40.     Plaintiff qualified for FMLA leave which would have been approved by Defendant.

41.     Defendant took adverse action against Plaintiff by terminating her before she returned the completed FMLA forms and before the time period which Defendant arbitrarily chose to be the deadline for the forms to be return while Plaintiff was  on FMLA leave.

42.     As a result of Plaintiff asserting her right to a FMLA leave, she  was subjected to adverse employment action including termination.

43.     As a direct and proximate result, Plaintiff has sustained damages including, but not limited to the following:

      a.     Loss of income;

      b.     Loss of fringe benefits;

      c.     Emotional pain and suffering;

      d.     Severe mental anguish and distress;

      e.     Embarrassment and humiliation;

      f.     Fright, shock, and mortification;

      g.     Loss of earnings and other employment benefits; and

      h.     Costs and attorney fees.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendants in an amount in excess of $75,000.00, plus exemplary/treble damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT III
## VIOLATION OF THE MICHIGAN PERSONS
## WITH DISABILITIES ACT, MCLA §37.1101, *ET SEQ.*

44.     Plaintiff incorporates by reference Paragraphs 1 through 43 above as though more fully set forth herein.

45.     Plaintiff suffered from a complete psychological breakdown culminating in Plaintiff being found alone in the middle of a farner's field by the

7

police who recognized her disability and took her the hospital where she was admitted.

46. Plaintiff complete psychological breakdown substantially interferes with major life activities such as walking, talking, breathing, communicating, eating and drinking and is a disability under the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq.* (PWDCRA).

47. Pursuant to the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq.*, Plaintiff is guaranteed the right to be free from discriminatory treatment and/or discharge from her employment by her employer and/or supervisors based upon her disability.

48. At all times relevant Defendant perceived and regarded Plaintiff as disabled.

49. Plaintiff's disability and/or Defendant's perception of Plaintiff's disability was a factor in Defendants employment decisions, including, but not limited to refusing to accommodate him and terminating him.

50. Defendant is an employer within the meaning of the PWDCRA.

51. Plaintiff has been subjected to repeated and continuous discriminatory treatment based upon her disability by Defendant, its employees and agents to the point where her status as an employee has been detrimentally affected and she was

8

refused to be reasonably accommodated by Defendant and was terminated by Defendant.

52. Plaintiff is entitled to exemplary and compensatory damages pursuant to the PWDCRA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

53. Defendant and its agents, employees and representatives violated the PWDCRA by reason of the following acts and/or omissions:

    a. Violating the laws against discrimination by terminating Plaintiff due to her disability;

    b. Preventing Plaintiff from having full and fair opportunities to her employment based upon her disability.

54. Defendant owed Plaintiff as a disabled employee, a duty to adequately advise their employees to refrain from discriminating against her, including terminating her due to her diability.

55. As a direct and proximate result of Defendants harassment and discrimination of Plaintiff solely on the basis that she had a disability or was perceived by Defendant to be a person with a disability Plaintiff has sustained injuries including, but not limited to:

    a. Economic damages;

    b. Mental anguish;

    c. Fright;

9

d.  Shock;

e.  Embarrassment;

f.  Outrage;

g.  Anxiety;

h.  Emotional distress;

i.  Loss of self-esteem; and

j.  Loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

Respectfully submitted,

**BATEY LAW FIRM, P.L.L.C.**

By: /s/ Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
(248) 540-6800-telephone
(248) 940-5848-fax
sbatey@bateylaw.com

Dated:  August 14, 2025

10

## <u>DEMAND FOR JURY TRIAL</u>

NOW COMES, Plaintiff, Kristina Snyder, by and through her attorneys, Scott

P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all

issues allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/ Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800
sbatey@bateylaw.com

Dated:  August 14, 2025

11